## CARROLL v. O'SHEA.

*(City Court of New York, General Term. June 18, 1892.)*

REAL-ESTATE BROKERS—ACTION FOR COMMISSIONS—EVIDENCE.

In an action for commissions alleged to have been earned as broker in selling defendant's property, where it appeared that defendant's husband was her general agent to sell the property; that the purchaser, plaintiff, defendant, and the latter's husband met at the office of defendant's attorney for the purpose of executing the contract of sale; and that while there plaintiff was by the husband introduced to the attorney as his broker, and to defendant as her broker,—the jury were justified in finding that plaintiff was defendant's broker.

Appeal from trial term.

Action by David H. Carroll against Ann T. O'Shea. From a judgment entered on a verdict for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before McGown, Van Wyck, and Fitzsimons, JJ.

*Fellows, Gray & Hartman,* for appellant. *Waldorf H. Phillips,* for respondent.

VAN WYCK, J. This action is to recover commissions earned as broker for negotiating the sale of defendant's house and lot to one Pollock. There is no dispute as to the fact that plaintiff's negotiations brought about the sale, but defendant contends that there was no employment of the broker by her, and that plaintiff was not her broker to sell, but Pollock's broker to purchase. The proof shows that defendant's husband was her general agent to sell this particular house, for he says that he had authority from her to sell this property, and that he acted for her in the sale of the property, and the same is substantially admitted by her answer. It seems that the defendant and her husband and Pollock and the plaintiff met in the office of defendant's lawyer for the purpose of executing the contract of sale, and that at the interview there had the defendant's husband introduced the plaintiff to her lawyer as her broker in this transaction, and to the defendant as her broker. The trial judge instructed the jury to find for defendant if they should conclude that plaintiff was the broker of the purchaser, and that plaintiff must prove direct employment by the principal or authority from the principal to treat with an authorized agent. The jury found for plaintiff, and the verdict is not against the weight of evidence. The conversations had with defendant's husband by plaintiff, when he demanded payment of his commissions, were properly admitted, for the same were a part of the same transaction, and within the scope of the husband's authority; and so, too, it was proper to allow the cross examination of the husband in reference to these conversations. The judgment and order appealed from are affirmed, with costs. · All concur.